**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| GWENDOLYN PRATER, | ) | |
| *Plaintiff*, | ) ) ) | |
| v. | ) ) ) ) ) | CIVIL ACTION NO. |
| SHARKNINJA OPERATING, LLC, | ) ) | |
| *Defendant*. | ) ) | JURY TRIAL DEMANDED ON ALL COUNTS |

**PLAINTIFF'S ORIGINAL COMPLAINT**

COMES NOW Plaintiff GWENDOLYN PRATER (hereinafter, "Plaintiff") complaining of SHARKNINJA OPERATING, LLC (hereinafter collectively, "SharkNinja" or "Defendant SharkNinja") and in support thereof would show the Court as follows:

**I. PARTIES**

1. Plaintiff Gwendolyn Prater is an individual residing in Harris County, Texas. She was severely injured in her home in Harris County, Texas, by Defendant SharkNinja's defective product.

2. Defendant SharkNinja is a Delaware corporation with its principal place of business at 89 A St. Ste. 100, Needham, MA 02494. It can be served by serving its registered agent, CT Corporation Systems, at 1021 Main St. # 1150A, Houston, TX 77002.

**II. JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332. Specifically, there is complete diversity of citizenship between Plaintiff and Defendant because Plaintiff is a Texas resident and Defendant is a foreign corporation, and Plaintiff is alleging

an amount in controversy in excess of $75,000.00, exclusive of interest and costs.

4. This Court has personal jurisdiction over Defendant because the defective product at issue, which was manufactured, marketed, and/or sold by Defendant, was purchased in Texas by a citizen of Texas. Further, Defendant's defective product injured Plaintiff in this district of the State of Texas.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) and 1391(d) because a substantial part of the events giving rise to this claim occurred in this district and are due to Defendant's substantial contacts with this district, including the marketing and sale of the pressure cooker and other products in this district.

## II. FACTS

6. On or around November 7, 2023, Plaintiff owned and used a Ninja Foodi OP302 Pressure Cooker (Ninja Pressure Cooker) as she has always done.

7. While Plaintiff was cooking using the Ninja Pressure Cooker, she released the pressure so she could add an ingredient. As the pressure was releasing, the lid came open and hot liquid exploded out of the pressure cooker, causing Plaintiff severe burns.

8. The Ninja Pressure Cooker was designed, manufactured, and introduced into the stream of commerce by Defendant SharkNinja, who was engaged in the business of designing, manufacturing, licensing, testing, advertising, marketing, warranting, selling, and distributing various types of electronics, including the type of pressure cooker which injured Plaintiff.

## V. CAUSES OF ACTION

**A.  Strict Products Liability – Defendant SharkNinja**

9. Plaintiff incorporates the allegations contained in the foregoing paragraphs as if

fully set forth in the following paragraphs.

10. It was the duty of Defendant SharkNinja to design, manufacture, test, market, advertise, label, distribute, and sell Ninja Pressure Cookers so they are reasonably safe for foreseeable use.

11. At the time the Ninja Pressure Cookers at issue left the control of Defendant SharkNinja and was sold, it contained one or more conditions that rendered it defective and unreasonably dangerous in light of its nature and intended use.

12. At all times, the Ninja Pressure Cooker was used in the manner intended, recommended, or reasonably foreseeable by Defendant SharkNinja. There were and are no other reasonable, secondary causes of Plaintiff's injuries and damages other than the use of the pressure cooker.

13. The pressure cooker Defendant SharkNinja manufactured and/or supplied was defective in design, manufacture, and/or warning in that when it left the hands of Defendant SharkNinja, the foreseeable risks exceeded the benefits associated with the design and/or formulation of this product.

14. The pressure cooker that Defendant SharkNinja designed, manufactured, marketed, sold, and supplied, and Plaintiff purchased and used was defective in its design, manufacture, and labeling in that Defendant SharkNinja knew or should have known of its dangers and risks of a pressure cooker that can open when it is pressurized but failed to adequately warn or instruct users like Plaintiff of the nature and extent of those risks.

15. The pressure cooker that Defendant SharkNinja designed, manufactured, and/or supplied was defective in design in that it was more dangerous than an ordinary consumer would expect when used in its intended or reasonably foreseeable manner. Specifically, the pressure

cooker had a poorly designed safety system that allowed the pressure cooker to open when it was still pressurized, which created an unreasonable risk of harm that was unknown and could not have been known by users like Plaintiff.

16. Safer alternative designs of pressure cookers are available and are currently marketed by Defendant SharkNinja.

17. The pressure cooker that Defendant SharkNinja designed, manufactured, and/or distributed was also defective in that Defendant SharkNinja failed to adequately test this product before placing it into the stream of commerce.

18. As a direct and proximate result of the defective conditions of the pressure cooker as manufactured by Defendant SharkNinja, Plaintiff suffered injuries and damages as described, in excess of $75,000.00.

**B.     Negligence – Defendant SharkNinja**

19. Plaintiff incorporates the allegations contained in the foregoing paragraphs as if fully set forth in the following paragraphs.

20. Defendant SharkNinja had a duty to exercise reasonable care in the design, manufacture, testing, sale, labeling, and/or distribution of the pressure cooker it placed into the stream of commerce, including a duty to assure that the product did not cause unreasonable or unnecessary injury.

21. Defendant SharkNinja breached their duty of care to Plaintiff through their negligent acts and omissions. Defendant SharkNinja did not exercise reasonable care in the warning, design, manufacture, sale, testing, labeling, and/or distribution into the stream of commerce of the pressure cooker in that Defendant SharkNinja knew or should have known that the pressure cooker could cause serious injuries.

22. Defendant SharkNinja was negligent in the design, manufacture, sale, testing, and/or distribution of the pressure cooker in that it: (a) failed to use due care in designing, formulating, developing, testing, and manufacturing the pressure cooker so as to avoid or warn against the described risks to consumers who used the pressure cooker; (b) placed an unsafe product into the stream of commerce; and (c) failed to discover or warn of the dangers associated with the use of the pressure cooker despite having actual and/or constructive knowledge of such dangers.

23. Defendant SharkNinja knew or should have known that Plaintiff and other users could foreseeably suffer injuries as a result of Defendant SharkNinja's failure to exercise ordinary care as described above.

24. As a direct and proximate result of Defendant SharkNinja's negligence, Plaintiff suffered injuries and damages as described, in excess of $75,000.00.

**C.     Breach of Express Warranty – Defendant SharkNinja**

25. Plaintiff incorporates the allegations contained in the foregoing paragraphs as if fully set forth in the following paragraphs.

26. Defendant SharkNinja was a merchant and seller with respect to the SharkNinja Pressure Cooker.

27. In order to induce the purchase and/or use of the pressure cooker, Defendant SharkNinja expressly warranted to potential users of the pressure cooker that it was safely designed, tested, and manufactured and was safe for the uses for which it was designed and/or advertised to be used. Express warranties were contained in the information on the owner's manual and the packaging of the Ninja Pressure Cooker.

28. Defendant SharkNinja breached said warranty in that the pressure cooker was not

safe to be used for the purposes for which it was manufactured and/or advertised.

29. Plaintiff was injured as a result of detrimental reliance upon Defendant SharkNinja's express warranties.

30. As a direct and proximate result of one or more of the foregoing breaches of express warranty, Plaintiff suffered injuries and damages as described, in excess of $75,000.00.

### D.  Breach Of Implied Warranty – Defendant SharkNinja

31. Plaintiff incorporates the allegations contained in the foregoing paragraphs as if fully set forth in the following paragraphs.

32. Defendant SharkNinja was a merchant seller with respect to the SharkNinja Pressure Cooker

33. To induce the purchase and/or use of the electronic bicycle, Defendant SharkNinja impliedly warranted to potential users of the pressure cooker that it was safely designed, tested, and manufactured and was safe for the uses for which it was designed and/or advertised to be used.

34. Defendant SharkNinja breached this warranty in that the pressure cooker was not safe for the uses for which it was manufactured and/or advertised.

35. Plaintiff was injured as a result of detrimental reliance upon Defendant SharkNinja's implied warranties.

36. As a direct and proximate result of one or more of the foregoing breaches of implied warranty, Plaintiff suffered injuries and damages as described, in excess of $75,000.00.

## VI. DAMAGES

37. Plaintiff incorporates the allegations contained in the foregoing paragraphs as if fully set forth in the following paragraphs.

38. The facts set out above demonstrate that, as a direct and proximate result of Defendant SharkNinja's conduct, Plaintiff has suffered severe economic and non-economic losses and injuries for which she is entitled to recover damages in excess of $75,000.00, including the following:

(a) bodily injury, disfigurement, physical pain, mental anguish, mental suffering, embarrassment, shame, and loss of enjoyment of life in the past and in the future;

(b) the reasonable and necessary expenses for the medical treatment rendered to Plaintiff in the past and that will be medically probable in the future;

(c) Plaintiff's mental and physical impairment suffered in the past and in the future;

(d) all other actual damages available under applicable law;

(e) costs of this suit; and

(f) such further relief as this Court deems necessary, just and proper.

## VII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff asks that Defendant SharkNinja be cited to appear and answer herein. That upon final trial, Plaintiff has judgment against Defendant SharkNinja, in excess of this Court's jurisdictional requisite for actual damages, costs of court, and any other relief that will fairly and adequately compensate for the losses herein alleged.

**WILLIAMS HART & BOUNDAS, LLP**

By: */s/ Michael A. Samaniego*
    Cesar Tavares
    State Bar No. 24093726
    Alma J. Reyes
    State Bar No. 24064392
    Michael Samaniego
    State Bar No. 24115715

        8441 Gulf Frwy, Suite 600
        Houston, Texas 77017-5001
        (713) 230-2200- Telephone
        (713) 643-6226- Facsimile
        [tavareslitteam@whlaw.com](mailto:tavareslitteam@whlaw.com) - E-Service Email

        **ATTORNEYS FOR PLAINTIFF**